**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT STATE OF OKLAHOMA**

| | |
|---|---|
| (1) PAUL D. GREENE AND (2) MICHELLE S. GREENE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:22-cv-00135-GKF-CDL ) |
| (1) STATE FARM FIRE AND CASUALTY COMPANY, | ) ) (Removed from the District Court ) of Washington County, Oklahoma) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant State Farm Fire and Casualty Company ("State Farm") removes this action from the District Court of Washington County, Oklahoma, to the United States District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1. On February 22, 2022, Plaintiffs Paul D. Greene and Michelle S. Greene ("Plaintiffs") filed the Petition (hereinafter referred to as the "Complaint") in the District Court of Washington County, Oklahoma, captioned *Paul D. Greene and Michelle S. Greene v. State Farm Fire and Casualty Company*, Case No. CJ-2022-37. Ex. 1, Complaint.

2. State Farm was served with a copy of the Complaint on or about March 7, 2022. Notice of Service of Process, Ex. 2. A true and correct copy of the summons, docket, and all copies of process and pleadings from the state court are attached hereto as Exhibits 1 and 3-5.[1]

3. This Notice of Removal is filed within thirty days of State Farm's receipt of the Complaint, and is therefore timely under 28 U.S.C. § 1446(b).

---

[1] The only process and pleadings from the state court are the Complaint, Summons, and Return of Service.

**I.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

4.     This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (1) between citizens of different states, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action may thus be removed to this Court by State Farm under 28 U.S.C. § 1441(a).

**A.     Complete diversity of citizenship exists between Plaintiffs and State Farm.**

5.     Plaintiffs reside in the State of Oklahoma. *See* Ex. 1, Complaint at ¶ 1. While not the equivalent of citizenship, residence is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

6.     State Farm is a mutual insurance company incorporated under the laws of Illinois, with its principal place of business in Bloomington, Illinois. Thus, State Farm is a citizen of Illinois, and complete diversity exists between the parties. *See, e.g.*, Ex. 2 (addressed to State Farm's principal place of business in Bloomington, Illinois).

**B.     The amount in controversy requirement is satisfied.**

7.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8.     While the Complaint does not allege a specific amount of damages, Plaintiffs have plead for "a sum in excess of Ten Thousand Dollars ($10,000.00) for actual damages, a sum in

excess of Ten Thousand Dollars ($10,000.00) for punitive damages, interests, costs, attorney's fees and such other and further relief to which they are deemed entitled." Ex. 1, Complaint at 3.

9. Plaintiffs' claims for damages is based on State Farm's alleged conduct related to a claim for benefits under a homeowners' insurance policy issued by State Farm. *Id.* at ¶ 3.

10. During the pendency of the underlying insurance claim, Plaintiffs submitted an estimate from a public adjuster, Claim Advisors, LLC, for $186,263.01. Ex. 6, Estimate. As such, it appears Plaintiffs intend to request a judgment in at least that amount.

11. Plaintiffs have further alleged that the actions of State Farm were "reckless or a willful failure to exercise good faith and fair dealing" and have requested punitive damages. Ex. 1, Complaint at ¶ 5 and 3. While State Farm denies Plaintiffs are entitled to punitive damages, relevant to the claims here, Oklahoma law provides that when "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured; the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, may award punitive damages in an amount not to exceed the greater of One Hundred Thousand Dollars ($100,000.00), or the amount of the actual damages awarded." Okla. Stat. tit. 23, § 9.1(B)(2).

12. Plaintiffs' Complaint further seeks attorneys' fees. Ex. 1, Complaint at 3. If attorneys' fees are recoverable under applicable law, they may be included in the amount in controversy. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

13. In sum, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14. Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

**II.     Other removal requirements are met.**

15.    Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Northern District of Oklahoma because this District includes Washington County, Oklahoma, where this action was pending. *See* 28 U.S.C. § 116(a).

16.    Under LCvR 81-2, a copy of all documents filed and served in the case and a copy of the docket sheet are attached to this Notice as Exhibits 1-5. There are no motions pending before the District Court of Washington County, Oklahoma, and no hearings are set.

17.    Under 28 U.S.C. § 1446(d), State Farm certifies that it will promptly give written notice of the filing of this Notice of Removal to the Plaintiffs, and will likewise file a copy of this Notice of Removal with the Clerk of the District Court of Washington County, Oklahoma.

18.    By filing this Notice of Removal, State Farm does not waive any motion or defense that may be available to it, including the defenses set forth in Fed. R. Civ. P. 12.

19.    State Farm reserves the right to amend or supplement this Notice of Removal as allowed by law.

State Farm therefore removes this matter from the District Court of Washington County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully Submitted,

s/ Jessica L. Dickerson
Jessica L. Dickerson, OBA #21500
McAfee & Taft, a Professional Corporation
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:   (918) 587-0000
Facsimile:    (918) 599-9317
jessica.dickerson@mcafeetaft.com

***Attorney for Defendant***

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Frank W. Frasier

*Attorney for Plaintiffs*

                                         s/ Jessica L. Dickerson