UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
STATE OF OKLAHOMA

| | |
|---|---|
| (1) PAUL D. GREENE AND<br>(2) (2) MICHELLE S. GREENE,<br><br>                  Plaintiffs,<br><br>v.<br><br>(1) STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                  Defendant. | Case No. 4:22-cv-00135-GKF-CDL<br><br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT AND DISCOVERY PLAN

**Jury Demanded**:   X   Yes        No

**I.        Summary of Claims**:

This case arises out of Plaintiffs' claims for coverage on a loss at their home from damages done to a storm on the 20th of May, 2019. Plaintiffs contend that Defendant intentionally and negligently evaluated Plaintiffs' losses to their home from this storm. In so doing, Defendant breached their contract of insurance and failed to deal with the claims fairly and in good faith.

       A.   Claims to be Dismissed:  None.

**II.       Summary of Defenses**:

State Farm denies Plaintiffs' allegations and states that it handled Plaintiffs' claim timely, reasonably, and appropriately based on the facts and circumstances of the claim. In April 2020, Plaintiff Paul Green reported a hail and wind claim to State Farm. The reported date of loss was May 20, 2019. A State Farm claim specialist inspected the Property promptly, prepared an estimate for the identified damage, and issued payment pursuant to the terms of the policy in June 2020. Approximately six months later, Plaintiffs sent additional information, which was promptly reviewed. State Farm then conducted a second inspection and retained a structural engineer to help assess the cause of the additional damage claimed by the Plaintiffs. Based on the second inspection and the engineer's report, State Farm issued a partial denial. In July 2021, State Farm received an estimate from a public adjuster. State Farm agreed to do another inspection of the property with the public adjuster, but after communicating with the public adjuster, it appeared as though the public adjuster declined to be involved further.

State Farm further adopts and incorporates the defenses set forth in it Answer (Doc. No. 5).

       A.   Defenses to be Abandoned:  None.

**III.      Motions Pending** (Include Docket Number, Description and Date at Issue)**:**  None.

IV. **Stipulations:**

    A. Jurisdiction Admitted:   <u>X</u> Yes     No (If no, explain.)

    B. Venue Appropriate:     <u>X</u> Yes     No (If no, explain.)

    C. Facts:

        1. Plaintiffs are citizens of the State of Oklahoma.

        2. Defendant is a citizen of the State of Illinois.

        3. State Farm issued to Plaintiffs Homeowners' Policy No. 36-CE-V339-7 that insured the property at 301 Ridgecrest Ct., Bartlesville, OK 74006-8030 for the period of February 1, 2019, to February 1, 2020, subject to all terms, conditions, definitions, exclusions, coverages, amendments, and limitations of the Policy.

    D. Law:

        1. Oklahoma statutory and common law applies.

V. **Proposed Deadlines:**

    A. Parties to be Added by:  May 16, 2022

    B. Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):  November 14, 2022. Counsel have conferred, and believe this discovery period is appropriate for completion of discovery, considering the respective caseloads of counsel and the needs of the case.

    C. Fact Witness Lists to be Exchanged by:

       May 16, 2022: Preliminary fact witness lists
       October 17, 2022: Final fact witness lists

    D. Proposed Date for Expert Reports by Plaintiff and Defendant:

       Plaintiffs: October 17, 2022
       Defendant: October 31, 2022

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
      Yes (If yes, explain.)
      No X

    B. When were or will initial disclosures under Rule 26(a)(1) be made?  By April 28, 2022

       Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty

   to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

 C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues? Yes No X

 D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
  Yes (If yes, explain.)
  No X

 E. Proposed Number of Fact and Expert Depositions:

  1. To be allowed for Plaintiff? 6

  2. To be allowed for Defendant? 6

 F. Is there a need for any special discovery management order(s) by the Court?
  Yes (If yes, explain.)
  No X

 G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Anticipated Dispositive Motions?**
  Yes (If yes, describe.) Defendant anticipates filing a Motion for Summary Judgment.
  No

**VIII. Do all parties consent to trial before the assigned magistrate judge?** Yes No X

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX. Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?** Yes No X

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X.  **Settlement Plan** (Check one):

   Settlement Conference Requested After: Discovery cutoff
      Describe Settlement Judge Expertise Required, If Any: Insurance litigation

   Private Mediation Scheduled On:

   Other ADR (Explain):

   ADR Appropriate:
      Yes
      No (If no, explain.)

   Copy of the Court's ADR Booklet Provided to Clients as Required?

   Plaintiffs:    X    Yes        No

   Defendants:    X    Yes        No

XI. **Does this case warrant special case management?**
   Yes (If yes, explain.)
   No  X

XII. **Do the parties request that the Court hold a scheduling conference?**    Yes    No X

   If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIII. **Estimated Trial Time:** 3-4 Days

/s/*Frank W Frasier*
Frank W Frasier, OBA #17864
FRASIER, FRASIER & HICKMAN, LLP
1700 Southwest Boulevard
Tulsa, OK  74107-1730
(918) 584-4724
(918) 583-5637 *fax*
frasier@tulsa.com *e-mail*
**ATTORNEY FOR PLAINTIFFS**

/s/*William J. Holland*
Jessica L. Dickerson, OBA No. 21500
William J. Holland, OBA No. 33535
McAfee & Taft
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK 74103
(918) 587-0000
(918) 599-9317-fax
jessica.dickerson@mcafeetaft.com
will.holland@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT**